ARNOLD & PORTER KAYE SCHOLER LLP
DIPANWITA DEB AMAR, (SBN 184779)
E-mail:dipanwita.amar@arnoldporter.com
MATTHEW DITON, (SBN 305597)
E-mail:matthew.diton@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: +1 415.471.3100
Fax: +1 415.471.3400

Attorneys for Defendants
GN AUDIO USA INC., HOLGER REISINGER, DAVE COPELAND, SARAH GRAY and MARK DERBY

SHEGERIAN & ASSOCIATES, INC.
CARNEY R. SHEGERIAN (SBN 150461)
E-mail:cshegerian@shegerianlaw.com
ANTHONY NGUYEN (SBN 259154)
E-mail:anguyen@shegerianlaw.com
QUYNH VI STEPHANIE LE (SBN 324788)
E-mail:sle@shegerianlaw.com
225 Santa Monica Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: 310.860.0770
Fax: 310.860.0771

Attorneys for Plaintiff
RITESH TANDON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RITESH TANDON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>GN AUDIO USA, INC., et al.,<br><br>　　　　　　Defendants. | Case No.: 5:19-cv-00212-EJD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　　June 13, 2019<br>Time:　　　10:00 a.m.<br>Courtroom:　1 - 5th Floor<br>Judge:　　　Hon. Edward J. Davila |

Plaintiff Ritesh Tandon and Defendant GN Audio USA, Inc. ("Defendant" or "GN," and, collectively with Plaintiff, the "Parties") conducted a conference pursuant to Fed. R. Civ. P. 26(f) on May 14, 2019, and submit this Joint Case Management Conference Statement as follows:

## I. JURISDICTION AND SERVICE

This Court has diversity jurisdiction over Plaintiff's claims. *See* Dkt. # 1 (GN's Notice of Removal).

## II. FACTS

Plaintiff worked for Defendant as a Director of Strategic Alliances (Cisco) between 2011 and December 2017.[1] Plaintiff was terminated on or around December 15, 2017.

*Plaintiff's Position.* Plaintiff worked for Defendant for over six years, and worked diligently in his position until his unlawful termination. Plaintiff Tandon, who is of Asian/Indian descent proved himself to be a valuable employee on numerous occasions. However, Tandon's employment with Defendant took a turn for the worst when he began to face a diminishing role as a result of his age and nationality when he began reporting to Holger Reisinger. During Tandon's employment, he became aware that Mauro Caule, employee of Defendant was stealing confidential information from Microsoft. Later, Tandon was excluded from meetings and his colleagues and supervisors became dismissive of his concerns and contributions. Tandon lodged formal written and oral complaints, but no action to remedy was ever taken. Shortly after, on December 15, 2017, Tandon was informed he was terminated, and was

*Defendant's Position.* Defendant denies Plaintiff's allegations; particularly, Plaintiff's assertion that his termination was in any way unlawful. Defendant asserts that Plaintiff was terminated for a combination of reasons, including a shift in its corporate strategic direction from hardware to software partnerships, taking into account Plaintiff's experience and performance.

*Joint Statement of Principal Factual Issues In Dispute.* The principal factual dispute is whether Plaintiff was terminated for an unlawful means (as Plaintiff asserts and Defendant denies).

---

[1] As set forth in GN's Notice of Removal, prior to December 2017, GN was known as GN Netcom, Inc. GN Netcom, Inc. is no longer a legal entity.

### III. LEGAL ISSUES

*Plaintiff's Position.* At present Plaintiff views the following as disputed points of law:

1. Whether Defendant discriminated against Plaintiff on the basis of age, race, ancestry, or national origin;
2. Whether Defendant harassed Plaintiff or otherwise subjected him to a hostile work environment on the basis of age, race, ancestry, or national origin;
3. Whether Defendant retaliated against Plaintiff on the basis of age, race, ancestry, national origin, and/or good-faith complaints;
4. Whether Defendant retaliated against Plaintiff for exercising rights guaranteed under the FEHA;
5. Whether Defendant failed to prevent discrimination, harassment, and/or retaliation;
6. Whether Defendant wrongfully terminated Plaintiff in violation of public policy;
7. Whether Defendant negligently hired, supervised, or retained employees;
8. Whether Defendant intentionally inflicted emotional distress upon Plaintiff.

A secondary issue will involve calculating economic and non-economic damages.

*Defendant's Position.* Defendant denies that Plaintiff's termination was in anyway unlawful.

### IV. MOTIONS

*Plaintiff's Position.* Plaintiff does not anticipate in filing any motions at the moment.

*Defendant's Position.* Former Defendants Mark Derby and David Copeland previously filed motions to dismiss, which were withdrawn after Plaintiff agreed to voluntarily dismiss each defendant with prejudice. Defendants Holger Reisinger and Sarah Gray have not yet been served, but, if Plaintiff does not agree to voluntarily dismiss them with prejudice and they are ultimately served in this action, each of these defendants intends to file a motion to dismiss.

Finally, at the appropriate stage, GN anticipates filing a motion for summary judgment as to all of Plaintiff's claims.

## V. AMENDMENT OF PLEADINGS

The Parties have agreed that any amended pleadings must be filed on or before June 27, 2019.

## VI. EVIDENCE PRESERVATION

The Parties each certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

## VII. DISCLOSURES

The Parties have exchanged their Initial Disclosures.

## VIII. DISCOVERY

No discovery has been taken as of the date of this filing. Defendant has informed Plaintiff of its desire to depose Plaintiff, and is currently awaiting dates from Plaintiff's counsel for which Plaintiff is available for a deposition. At this time, the Parties have not encountered any discovery disputes. The Parties have agreed to negotiate the terms of a protective order for the case. The Parties have proposed that fact discovery close on May 29, 2020.

*Plaintiff's Subjects on Which Discovery May Be Needed.* Plaintiff anticipates seeking discovery including, but not limited to: discrimination, harassment, and retaliation by Defendant; e-discovery between Plaintiff and other employees of Defendant; and will be noticing relevant employees of Defendant who made the decision to terminate Plaintiff and have knowledge concerning Plaintiff's employment with Defendant.

*Defendant's Subjects on Which Discovery May Be Needed.* Without prejudice to its right to seek discovery on any relevant issue, Defendant contemplates it will need and seek discovery concerning: Plaintiff's alleged complaints of unlawful/improper conduct; Plaintiff's alleged damages; and Defendant's defenses.

## IX. CLASS ACTIONS

This action is not a class action.

## X. RELATED CASES

This action was removed from Santa Clara Court Superior Court, where it was assigned Case No. 18CV338819. There are no formal related cases.

## XI. RELIEF

*Plaintiff's Position.* If liability is established against Defendant, Plaintiff's alleged non-economic damages would be calculated according to proof that Plaintiff has experienced such damages.

*Defendant's Position.* Defendant does not believe Plaintiff is entitled to any relief.

## XII. SETTLEMENT AND ADR

The Parties have not discussed settlement. They have briefly discussed stipulating to either private or Court-sponsored mediation, but the discussions are still in their preliminary stages.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

This action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The Parties agree that it is premature to consider narrowing any issues in this case.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties agree this case is not appropriate for an expedited schedule under General Order 64.

## XVII.  SCHEDULING

During the Parties' Rule 26(f) conference, the Parties agreed on the following tentative deadlines:

| Proposed Event | Proposed Deadline |
| --- | --- |
| Deadline to Amend Pleadings | June 27, 2019 |
| Trial Setting Conference | April 30, 2019 |
| Close of Fact Discovery | May 29, 2020 |
| Deadline to File Summary Judgment Motion(s) | June 18, 2020 |
| Hearing on Summary Judgment Motion(s) | July 30, 2020 |
| Deadline to Exchange Expert Reports | August 24, 2020 |
| Close of Expert Discovery | Mid-September 2020 |
| Trial | October 13, 2020 |

## XVIII. TRIAL

*Plaintiff's Position.*  Plaintiff estimates between 10-14 days for trial. Plaintiff has requested a jury trial.

*Defendant's Position.*  Defendant has not yet seen Plaintiff's purportedly forthcoming amended complaint.  However, Defendant's current view is that trial would likely require no more than 3-4 days.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Defendant's Position.*  Defendant filed its Certification of Interested Entities or Persons on January 11, 2019.  Defendant identified that GN is a wholly owned subsidiary of GN Audio A/S, which is 100% owned by GN Store Nord A/S, a publicly listed company on the Copenhagen Stock Exchange.

## XX.  PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  June 3, 2019                        ARNOLD & PORTER KAYE SCHOLER LLP

                                            By:  */s/ Matthew R. Diton*
                                                 MATTHEW R. DITON

                                            Attorneys for Defendants
                                            GN AUDIO USA INC., HOLGER REISINGER,
                                            and SARAH GRAY


Dated:  June 3, 2019                        SHEGERIAN & ASSOCIATES, INC

                                            By:  */s/ Stephanie Le*
                                                 STEPHANIE LE

                                            Attorneys for Plaintiff
                                            RITESH TANDON

- 6 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: 5:19-cv-00212-EJD
US 164888395v2

# **ATTESTATION**

Pursuant to Civil L.R. 5-1, I, Matthew R. Diton, the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: June 3, 2019

                                  */s/ Matthew R. Diton*
                                  Matthew R. Diton